IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 SEP -1   AM 11: 35

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

WORKSTEPS, INC.,

        **Plaintiff,**

-vs-

ERGOSCIENCE, INC., DEBORAH E.
LECHNER, & DOES (1–300),

        **Defendants.**

Case No.  A-14-CA-968-SS

## O R D E R

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants ErgoScience, Inc., Deborah E. Lechner, and Does (1–300)'s Motion for Partial Reconsideration of Court's 4/20/15 Order [#47], Plaintiff WorkSTEPS, Inc.'s Response [#51] thereto, Plaintiff's Opposed Motion for Leave to File Amended Complaint [#56], Defendants' Response [#60] thereto, and Plaintiff's Reply [#63] thereto, Defendants' Motion for Leave to File Surreply [#64],[1] Plaintiff's Motion and Memorandum to Consolidate Pursuant to Federal Rules of Civil Procedure Rule 42 [#55], Defendants' Response [#61] thereto, and Plaintiff's Reply [#62] thereto, Plaintiff's Consented Motion for Extension of Time to File Opposition to Defendants' Motion for Reconsideration [#49],[2] and Defendants' Unopposed Motion to Extend Response Deadlines [#57].[3]

---

[1] Defendants' Motion for Leave to File Surreply [#64] is GRANTED.

[2] Plaintiff's Consented Motion for Extension of Time to File Opposition to Defendants' Motion for Reconsideration [#49] is GRANTED.

[3] Defendants' Unopposed Motion to Extend Response Deadlines [#57] is GRANTED.

On April 20, 2015, the Court entered an order granting in part and denying in part the parties' cross-motions for summary judgment in this action.[4] *See* Apr. 20, 2015 Order [#43]. Following entry of the April 20, 2015 Order, Defendants filed the instant motion for partial reconsideration of same. Having reviewed the documents, the governing law, and the file as a whole, the Court finds Defendants' motion for reconsideration should be GRANTED, and orders those portions of the April 20, 2015 Order inconsistent with this opinion be VACATED.

## Background

This is an action for copyright infringement and breach of contract brought by Plaintiff WorkSTEPS, Inc. against Defendants ErgoScience, Inc., Deborah Lechner, President of ErgoScience, and Does 1–300, unknown alleged third-party infringers, for alleged willful, contributory, and induced infringement in violation of a consent judgment and settlement agreement. WorkSTEPS is a national provider of "functional employment testing," a type of testing designed to evaluate the physical abilities of job applicants and new employees such that workers' jobs are matched to their physical capabilities, decreasing the likelihood of job-related injuries. ErgoScience is also a provider of functional employment testing and directly competes with WorkSTEPS.

WorkSTEPS holds a copyright in various materials related to its testing programs under Copyright Registration Number TXu000942472. The two copyrighted documents at issue in this case are WorkSTEPS' "Functional Capacity Evaluation," a twelve-page form that guides WorkSTEPS' providers through administration of WorkSTEPS' functional employment test and provides space for recording the results as the test proceeds, and WorkSTEPS' "Medical History"

---

[4] The Court converted Defendants' motion to dismiss to a motion for summary judgment after permitting the parties to supplement the record with additional evidence and argument. *See* Order of Apr. 20, 2015 [#43] at 5–6.

form, a questionnaire apparently given prior to administration of the Functional Capacity Evaluation (together, the WorkSTEPS Materials).

This is the second time WorkSTEPS has brought suit in this Court alleging ErgoScience has infringed its copyright.[5]  Although the original infringement suit, cause number A:10-CA-850-SS (the Original Suit), was dismissed by consent judgment in July of 2012, two years later, attorney error and the parties' inability to resolve the disagreement caused by that error spurred further litigation.  WorkSTEPS filed the present action, cause number A:14-CA-968-SS, in October of 2014. A brief history of the parties' dispute is outlined below.

## A.    The Original Suit

In the Original Suit, WorkSTEPS claimed ErgoScience, Lechner, and Donna Johnston, an ErgoScience employee not party to the present action, infringed WorkSTEPS' copyright by incorporating portions of the WorkSTEPS Materials into ErgoScience's testing materials.  After completing discovery, the parties to the Original Suit informed the Court they had settled the case. Under the parties' settlement agreement, the defendants agreed to pay WorkSTEPS $75,000 and to cease using WorkSTEPS' copyrighted materials.  Mot. Order Show Cause [#39-9] (sealed), Feeler Decl., Ex. 3 (Settlement Agreement) at 3, Original Suit.[6]  On July 26, 2012, the parties jointly moved the Court for entry of a consent judgment against the defendants.  Agreed Stipulation [#31] at 1–2, Original Suit.  On July 30, 2012, the Court entered the consent judgment as drafted by the parties

---

[5] A third suit filed by WorkSTEPS in July 2015, cause number A:15-CA-622-SS, brings an infringement claim against WorkSTEPS' former counsel, Brandon Browning, and his law firm, Maynard, Cooper & Gale, P.C., stemming from the attorney error that revived the original infringement suit and spawned the present action.

[6] The parties incorporated all briefing related to the show cause hearing in the Original Suit into their arguments on the summary judgment motions in the present action. *See* Pl.'s Resp. [#19] at 20–21 & n.104; Defs.' Mot. Summ. J. [#27] at 4 n.2. The Court will therefore consider and refer to those documents and arguments throughout this opinion.

on July 30, 2012.  Consent Judgment [#32] at 2, Original Suit.

During settlement discussions in the Original Suit, the parties negotiated a "safe harbor"—a bundle of ErgoScience materials which WorkSTEPS reviewed and agreed "d[id] not infringe WorkSTEPS' copyright rights."  Settlement Agreement at 5.  In the Settlement Agreement, WorkSTEPS expressly waived any infringement claims based on ErgoScience's use of the safe harbor materials.  *Id.*; *see* Mot. Order Show Cause [#39-8] (sealed), Feeler Decl., Ex. 2 (Safe Harbor) at 3, Original Suit.  Unfortunately, a serious miscommunication occurred during the safe harbor negotiations.  During WorkSTEPS' final review of the proposed safe harbor, WorkSTEPS "redlined," or electronically crossed out, certain portions of the ErgoScience materials, indicating WorkSTEPS did not agree to inclusion of those portions in the final safe harbor.  *See* Defs.' Resp. Mot. Order Show Cause [#54] (sealed) at 1, Original Suit.  The electronic redlines did *not* electronically delete any material from the document; rather, the redlines are visually analogous to a strikethrough created with a pen or pencil through an image or line of text on a piece of paper.  *See* Mot. Dismiss [#8] at 10 (showing examples of the redlined material).  Having created the redlines, WorkSTEPS then sent the redlined version of the safe harbor to ErgoScience via email.  Counsel for ErgoScience printed and reviewed the safe harbor—but, apparently due to the configuration of certain printing settings in Adobe Acrobat (counsel's PDF reader), WorkSTEPS' electronic redlines did not appear on the printed document.  *Id.* at 1–2.

Believing WorkSTEPS had agreed to the proposed safe harbor without redlining anything, counsel for ErgoScience confirmed the same to his client—and "relyi[ng] on its lawyer's confirmation that the 'safe harbor' materials had been fully approved by WorkSTEPS," ErgoScience signed the Settlement Agreement and proceeded to use all of the safe harbor materials in its regular

-4-

business activities, including the portions counsel for ErgoScience was not aware WorkSTEPS had redlined. *Id.* at 2; *see also* Mot. Order Show Cause [#39-16] (sealed), Feeler Decl., Ex. 10 (July 31, 2013 Letter) at 1–2, Original Suit (letter from Brandon Browning, then-counsel for ErgoScience, to counsel for WorkSTEPS explaining the error).

WorkSTEPS eventually discovered ErgoScience was using testing forms that included the redlined materials, reigniting the infringement dispute. The parties attempted to resolve the issue without court involvement, but were ultimately unsuccessful. *See, e.g.*, July 31, 2013 Letter; Mot. Order Show Cause [#39-17] (sealed), Feeler Decl., Ex. 11, Original Suit (Sept. 27, 2013 Letter). Consequently, on August 5, 2014, WorkSTEPS filed a motion for order to show cause in the Original Suit. *See* Mot. Order Show Cause [#39] (sealed), Original Suit. In its motion, WorkSTEPS argues ErgoScience has committed willful infringement, should be held in contempt of the consent judgment, and is liable to WorkSTEPS for damages and attorney's fees.

The Court held a show cause hearing in the Original Suit on September 5, 2014. During the hearing, the Court heard testimony concerning the alleged infringement from Larry Feeler, CEO of WorkSTEPS and author of the materials at issue, and ordered the parties to submit supplemental briefing on the question whether the issue of infringement, in the context of a contempt proceeding, should be tried to a jury or the bench. In that briefing, WorkSTEPS indicated because "the law is unsettled as to what relief a complainant in a contempt proceeding may recover[,]" it would file a new lawsuit and seek to consolidate the two cases to preserve its rights. Pl.'s Brief Responsive to Court's Sept. 5, 2014 Order [#58] at 4, Original Suit.

**B.    The Present Action**

On October 24, 2014, WorkSTEPS filed its complaint in the present action. The complaint alleges the facts as recounted above, tracing the history of the Original Suit and the redline mix-up that brought the parties back to court. *See* Compl. [#1] ¶¶ 23–42. The complaint alleges Lechner and ErgoScience willfully distributed materials which infringe WorkSTEPS' copyright and actively induced their network of third-party providers to infringe by instructing those providers to reproduce and distribute the infringing materials. *Id.* ¶¶ 43–50. As previously noted, WorkSTEPS brings causes of action for: (1) willful, contributory, and induced infringement by Lechner, ErgoScience, and Does 1–300, the unidentified third-party providers to whom ErgoScience distributed its materials; (2) breach of contract against Lechner and ErgoScience for alleged violation of the Settlement Agreement; and (3) collateral estoppel, claiming the Original Suit "resolved, in favor of WorkSTEPS, the issue of that [sic] Reg. No. TXu000942472 is valid and enforceable and that Lechner and ErgoScience's works infringed WorkSTEPS' copyrights." *Id.* ¶¶ 51–69.

Defendants filed a motion to dismiss on November 19, 2014. *See* Mot. Dismiss [#8]. Given the evidence outside the pleadings submitted with Defendants' motion, at hearing on January 7, 2015, the Court informed the parties it would construe the motion to dismiss as a motion for summary judgment and permit the parties to supplement the record with additional evidence and argument. Hr'g Tr. [#28] at 20:22–25. Following Defendants' submission of a supplement, *see* Defs.' Mot. Summ. J. [#27], WorkSTEPS responded and cross-moved for partial summary judgment on the issue of liability for copyright infringement. *See* Pl.'s Opp. & Cross-Mot. Summ. J. [#44] (sealed) at 1.

On April 20, 2015, the Court entered an order on the cross-motions for summary judgment, making the following findings: (1) the consent judgment entered in the Original Suit had no collateral-estoppel effect; (2) the parties failed to form a binding contract when they executed the Settlement Agreement; (3) alternatively, ErgoScience materially breached the Settlement Agreement; (4) given the absence of a binding contract or ErgoScience's material breach, WorkSTEPS was permitted to bring infringement claims based on all of the ErgoScience materials contained in the safe harbor, whether redlined or not; and (5) WorkSTEPS did not waive its ability to contend the non-redlined material infringes its copyright. *See* Order of Apr. 20, 2015 [#43] at 8. Turning to the merits of the infringement dispute, the Court further found (6) WorkSTEPS held a valid copyright in the WorkSTEPS Materials as a matter of law, but (7) genuine issues of fact precluded summary judgment on the issue of substantial similarity between the WorkSTEPS Materials and the ErgoScience materials. *Id.* at 8–9. Finally, the Court found (8) ErgoScience was entitled to summary judgment on WorkSTEPS' breach-of-contract claim given the Court's finding the Settlement Agreement was not a binding contract, and (9) alternatively, WorkSTEPS' breach-of-contract claim was preempted by the Copyright Act. *Id.* at 9.

Defendants' motion for partial reconsideration of the April 20, 2015 Order, in addition to the various other motions presently pending, followed. Upon reviewing the relevant materials and case law, the Court concludes a number of its April 20, 2015 holdings—specifically, holdings (2), (3), (4), (5), and (8)—were in error, and pursuant to its authority under Federal Rule of Civil Procedure 54(b), revises its findings as follows.

## Analysis

### I.     Legal Standard—Federal Rule of Civil Procedure 54(b)

Federal Rule of Civil Procedure 54(b) gives a district court discretion to "revise[] at any time before the entry of a judgment" "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties[.]" FED. R. CIV. P. 54(b).  Under that Rule, a district court may reconsider and revise its prior orders without the timing restrictions and jurisdictional constraints that limit the court's authority to amend a judgment under Rules 59(e) or 60(b).  *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012).  A party may move for reconsideration under Rule 54(b), and as "many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e)," courts in the Fifth Circuit generally apply the same standards to the two.  *Id.* (collecting cases).  Motions for reconsideration under Rule 59(e) "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

### II.    Application

In their Rule 54(b) motion for reconsideration, Defendants ask the Court to reconsider "three interrelated holdings" from the April 20, 2015 Order: first, that the Settlement Agreement is not a binding agreement because there was no meeting of the minds; second, that ErgoScience materially breached the Settlement Agreement; and third, that WorkSTEPS may bring infringement claims against ErgoScience based on ErgoScience's use of the non-redlined safe harbor materials.  Having reconsidered its Order, the Court agrees with Defendants that these previous holdings were erroneous.  As set forth below, the Court finds: (1) the Settlement Agreement is a valid, binding

contract; and (2) WorkSTEPS may not bring infringement claims against ErgoScience based on ErgoScience's use of the non-redlined safe harbor materials because (a) WorkSTEPS' admission in the Settlement Agreement that the non-redlined safe harbor materials do not infringe its copyright is not conditioned on ErgoScience's "use of the safe harbor"—i.e., using only the non-redlined ErgoScience testing forms contained in the safe harbor—and (b) even if ErgoScience materially breached the Settlement Agreement, WorkSTEPS treated the Settlement Agreement as continuing following the alleged breach, obligating itself to continue performing.

The remainder of the Court's April 20, 2015 holdings remain undisturbed.

## A.     The Settlement Agreement is a Valid, Binding Contract

Having reviewed the record and the relevant case law, the Court agrees its previous ruling WorkSTEPS and ErgoScience failed to form a binding settlement agreement because there was no meeting of the minds was error. Under Texas law, "'the determination of the meeting of the minds . . . that is required for contract formation is based on the objective standard of what the parties said and did and not on their subjective state of mind.'" *Three H Enters., L.L.C. v. Advanced Envtl. Recycling Techs., Inc.*, 256 F. Supp. 2d 568, 578 (W.D. Tex. 2002) (quoting *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App.—San Antonio 1999, pet. denied)). Here, the parties' actions indicate a meeting of the minds occurred. All parties to the Settlement Agreement were negotiating the same claims, and all parties agreed the materials included in the safe harbor did not infringe WorkSTEPS' copyright. After executing the Settlement Agreement, ErgoScience paid WorkSTEPS the $75,000 called for in the agreement, WorkSTEPS dropped its claims in the Original Suit, and ErgoScience distributed the forms it believed WorkSTEPS had agreed were non-infringing. These actions indicate the parties intended by their agreement both to settle their dispute and to stipulate no further

infringement claims would arise based upon a defined bundle of ErgoScience testing forms.

Counsel for ErgoScience was mistaken as to just what was included in that bundle of forms, but "a simple misunderstanding with respect to the ramifications of [a] contract will not support a conclusion that there was no meeting of the minds." Dow & Smyser, Tex. Practice Series, 49 Tex. Practice, Contract Law § 1.11. Here, both parties assented to the existence of the safe harbor. ErgoScience's belief the redlined materials were included in the safe harbor was its unilateral misunderstanding with respect to the ramifications of the agreement it signed, not an act rendering the agreement unenforceable. *See In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005) ("Absent fraud, misrepresentation, or deceit, a party is bound by the terms of the contract he signed, regardless of whether he read it or thought it had different terms.").

Accordingly, the Court vacates its previous finding the Settlement Agreement was not a binding, enforceable contract.[7]

## B.    WorkSTEPS May Not Assert Infringement Claims Based on the Non-Redlined Safe Harbor Materials

Additionally, the Court finds its previous holdings permitting WorkSTEPS to pursue infringement claims based upon ErgoScience's use of the non-redlined safe harbor materials—specifically, that (1) ErgoScience materially breached the Settlement Agreement; (2) ErgoScience's material breach enabled WorkSTEPS to treat its waiver of the right to sue as rescinded; and (3) WorkSTEPS did not waive its ability to claim the non-redlined materials infringed—were erroneous. Having reconsidered, the Court concludes even if ErgoScience

---

[7] As such, the Court's previous finding ErgoScience was entitled to summary judgment on WorkSTEPS' breach-of-contract claim because there was no binding contract between the parties in the first place must also be vacated. This does not change the ultimate disposition of WorkSTEPS' breach-of-contract claim, however, as the Court's alternative holding—that the breach-of-contract claim is preempted by the Copyright Act—remains undisturbed.

materially breached the Settlement Agreement by using the redlined materials, WorkSTEPS treated the Settlement Agreement as continuing after discovering the breach and therefore cannot suspend its own performance. Further, WorkSTEPS' argument its waiver of the right to sue was conditioned on ErgoScience's "use of the safe harbor" lacks merit, as the Settlement Agreement lacks any conditional language so indicating.

To review the parties' positions: ErgoScience contends WorkSTEPS' claims must be limited to those concerning the redlined materials, as WorkSTEPS expressly stated in the Settlement Agreement that the non-redlined safe harbor materials do not infringe its copyright. WorkSTEPS responds that ErgoScience, by using the redlined material, materially breached its promise not to use WorkSTEPS' copyrighted materials, which "relieves WorkSTEPS of its obligation" not to bring infringement claims against ErgoScience for its use of the material within the safe harbor. *See id.* at 6–7. Similarly, WorkSTEPS claims its waiver of infringement claims concerning the non-redlined safe harbor materials was "conditioned on Defendants' use of the safe harbor," and therefore asserts it is permitted to treat its waiver of the right to sue for use of the non-redlined safe harbor materials as rescinded. Pl.'s Summ. J. Reply [#42] at 6. As explained below, the Court finds even if ErgoScience materially breached the Settlement Agreement by using the redlined material, WorkSTEPS treated the Settlement Agreement as continuing after it discovered ErgoScience's breach, obligating WorkSTEPS to continue its own performance. Further, nothing in the Settlement Agreement conditioned WorkSTEPS' waiver on ErgoScience's "use of the safe harbor"—i.e., using only the non-redlined ErgoScience testing forms contained therein.

First, even assuming *arguendo* that ErgoScience's use of the redlined materials was a material breach of the Settlement Agreement—a determination properly left to the finder of fact—the

Court disagrees with WorkSTEPS that such a breach would permit WorkSTEPS to treat its waiver of the right to bring infringement claims concerning the rest of the safe harbor materials as rescinded. ErgoScience's alleged breach would not permit rescission of the waiver because, as ErgoScience points out, WorkSTEPS subsequently treated the Settlement Agreement as continuing. "If a non-breaching party elects to treat the contract as continuing after a breach and continues to demand performance, it obligates itself to perform fully." *Henry v. Masson*, 333 S.W.3d 825, 841 (Tex. App.—Houston [1st Dist.] 2010, no pet.).  Following WorkSTEPS' discovery, ErgoScience sent WorkSTEPS a new set of revised ErgoScience testing forms, invoking the review procedure set forth in the Settlement Agreement and requesting WorkSTEPS review the revised forms for infringing expression.  *See* Defs.' MTD/MSJ Reply [#39-1] Ex. 2-A (Apr. 4, 2014 Letter) ("Pursuant to paragraph 11 of July 2012 Settlement Agreement between WorkSTEPS and ErgoScience, please have your client review these forms and let me know if WorkSTEPS is going to contend that any portion of these forms as revised infringe on WorkSTEPS' copyright.").  Counsel for WorkSTEPS responded:

> WorkSTEPS has reviewed ErgoScience's proposed new safe harbor, which my client understands will replace the original safe harbor included in the Settlement Agreement.  But for the two changes indicated in the enclosure, WorkSTEPS agrees the new safe harbor does not infringe WorkSTEPS' copyrights.  WorkSTEPS appreciates ErgoScience's effort to remove the remaining infringing materials.

*Id.* [#39-1] Ex. 2-B (Apr. 18, 2014 Letter).

In the April 20, 2015 Order, the Court characterized these communications as settlement negotiations and found they did not qualify as an election to treat the Settlement Agreement as continuing.  Upon reconsideration, the Court finds its characterization of these communications as settlement negotiations was error.  Rather, the parties' letters reflect their engagement in the safe

-12-

harbor review procedure set forth in the Settlement Agreement: WorkSTEPS reviewed the revised ErgoScience testing forms and informed ErgoScience what portions WorkSTEPS believed were infringing. *See* Settlement Agreement at 5 ("WorkSTEPS further agrees to review revisions to [the safe harbor] and inform Ergoscience . . . if WorkSTEPS believes any portion of the revisions . . . infringe WorkSTEPS' copyright rights."). At no point during the parties' correspondence, moreover, did WorkSTEPS indicate it would treat the safe harbor as rescinded if its complaints concerning ErgoScience's use of the redlined material were not resolved. Even WorkSTEPS' initial demand letter reigniting this dispute recognized the continuing validity of the Settlement Agreement by stating WorkSTEPS would seek, in any new lawsuit arising from ErgoScience's alleged breach, "all attorney's fees as provided in . . . the settlement agreement." Resp. Mot. Order Show Cause [#54-6] Ex. 2-S at 96, Original Suit. WorkSTEPS' first argument is rejected.

Second, the Court cannot agree with WorkSTEPS' position its waiver of infringement claims concerning the ErgoScience material in the safe harbor was "conditioned on Defendants' use of the safe harbor." "In order to make performance specifically conditional, a term such as 'if,' 'provided that,' 'on condition that,' or some similar phrase of conditional language must normally be included." *Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990). While conditional language is not strictly required, its "absence is probative of the parties' intention that a promise be made, rather than a condition imposed." *Id.* (citing *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976)). Here, the safe harbor provision provides:

> WorkSTEPS has reviewed the Ergoscience materials attached to this agreement in [the safe harbor] and concludes the materials in [the safe harbor] do not infringe WorkSTEPS' copyright rights. WorkSTEPS expressly waives any claim for copyright infringement against Ergoscience based on Ergoscience's reproduction or distribution of the materials in [the safe harbor] exclusively.

Settlement Agreement at 5. This paragraph nowhere indicates WorkSTEPS' "conclu[sion]" the safe harbor materials do not infringe depends upon ErgoScience's use of only those materials contained in the safe harbor. As Defendants point out, no conditional language is present in the description of the safe harbor, and WorkSTEPS fails to point to anything in the Settlement Agreement otherwise indicating the safe harbor is conditional.

Further, recall that the safe harbor materials are *ErgoScience* forms (which WorkSTEPS reviewed during settlement negotiations); construing the Settlement Agreement such that ErgoScience loses the protection of the safe harbor if it uses any forms other than those WorkSTEPS specifically approved would give WorkSTEPS a nonsensical level of control over ErgoScience's regular business activities. The Court declines to interpret the Settlement Agreement in such a fashion, as courts should not construe contracts to produce an absurd result. *See, e.g.*, *S. Cnty. Mut. Ins. v. Surety Bank, N.A.*, 270 S.W.3d 684, 689 (Tex. App.—Fort Worth 2008, no pet.).

Consequently, the Court finds the question whether ErgoScience breached the Settlement Agreement immaterial to the question whether WorkSTEPS can bring infringement claims based on ErgoScience's use of the non-redlined safe harbor material. WorkSTEPS cannot do so. The Court further finds WorkSTEPS' waiver was not conditioned on ErgoScience's use of only those non-redlined materials contained in the safe harbor. Thus, going forward, the permissible scope of WorkSTEPS' infringement claims is limited to those claims arising from ErgoScience's use of the materials WorkSTEPS redlined.

In sum, upon entry of this Order, the issues presented by the parties' cross-motions for summary judgment stand resolved as follows: (1) the consent judgment entered in the Original Suit had no collateral-estoppel effect; (2) the Settlement Agreement is a valid, binding contract, and the

Court's previous holdings to the contrary are vacated; (3) WorkSTEPS may prosecute only those infringement claims based upon ErgoScience's use of the redlined safe harbor material, and the Court's previous holdings to the contrary are vacated; (4) WorkSTEPS holds a valid copyright in the WorkSTEPS Materials as a matter of law[8]; (5) genuine issues of fact preclude summary judgment on the issue of substantial similarity; and (6) WorkSTEPS' breach-of-contract claim is preempted by the Copyright Act.  Consequently, this case will proceed to trial on the issue of substantial similarity between the pertinent WorkSTEPS materials and the redlined ErgoScience materials.

## II.     Motion to Consolidate & Motion to File Amended Complaint

WorkSTEPS asks this Court to consolidate this action with the Original Suit, A:10-CA-850. The Court declines to do so at this time.  While WorkSTEPS is correct the outcome of this action will affect resolution of the contempt motion presently pending in the Original Suit, the Court would prefer to entertain the question of consolidation as the trial date draws closer.

Finally, WorkSTEPS' motion for leave to file an amended complaint is granted, as pursuant to the scheduling order entered contemporaneously with this Order, the parties may file amended or supplemental pleadings on or before November 2, 2015.

---

[8] To be clear, in holding WorkSTEPS has a valid copyright in the WorkSTEPS Materials, the Court did *not* determine that the individual elements of the WorkSTEPS Materials which WorkSTEPS alleges ErgoScience copied are themselves protectable.  Separation of unprotectable from protectable elements of a work "is inappropriate at the originality stage. . . .  That a work is protected is a different question from the scope of protection[.]"  PATRY ON COPYRIGHT § 3.35 (citing, among other cases, *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 533 (5th Cir. 1994)).  In making its argument the WorkSTEPS Materials were uncopyrightable blank forms, ErgoScience referred to the forms as a whole.  *See* Mot. Dismiss [#8] at 9 (after making blank-form argument, indicating "[b]ut, even if the forms as a whole might be copyrightable, ErgoScience is accused of copying only tiny portions of them.  WorkSTEPS cannot state a claim of infringement because a simple side-by-side comparison shows that the ErgoScience forms do not copy protected elements from, and bear no substantial similarity to, the WorkSTEPS forms.").  At trial, ErgoScience will be free to argue those elements of the WorkSTEPS Materials ErgoScience allegedly copied are themselves unprotectable.

**Conclusion**

Accordingly:

IT IS ORDERED that Defendants ErgoScience, Inc., Deborah E. Lechner, and Does (1–300)'s Motion for Partial Reconsideration of Court's 4/20/15 Order [#47] is GRANTED;

IT IS FURTHER ORDERED that the Court's April 20, 2015 Order [#43] is VACATED IN PART as described in this opinion;

IT IS FURTHER ORDERED that Plaintiff WorkSTEPS' Motion and Memorandum to Consolidate Pursuant to Federal Rules of Civil Procedure Rule 42 [#55] is DENIED WITHOUT PREJUDICE to refiling as trial in this matter draws closer;

IT IS FURTHER ORDERED that Plaintiff WorkSTEPS' Opposed Motion for Leave to File Amended Complaint [#56] is GRANTED, as pursuant to the Court's contemporaneously filed scheduling order in this matter, the parties may file amended or supplemental pleadings and may join additional parties by November 2, 2015;

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Surreply [#64] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Consented Motion for Extension of Time to File Opposition to Defendants' Motion for Reconsideration [#49] is GRANTED; and

IT IS FINALLY ORDERED that Defendants' Unopposed Motion to Extend Response Deadlines [#57] is GRANTED.

SIGNED this the 31ˢᵗ day of August 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE